DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:06 CR 162 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | MEMORANDUM OPINION ANALYZING THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. § 3553(a) |
| David Mayberry | ) ) | |
| Defendant. | ) | |

### Introduction

The defendant has entered a plea of guilty to the crime of conspiracy to possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).  The Court has determined that the advisory guideline range is 26 and the defendant's criminal history category is I calling for a sentencing range of 63 to 78 months.

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a)  Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider -

**(1)  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The offense conduct has been described in paragraphs 9 through 11 of the presentence report and which follow:

(5:06 CR 162)

>According to the Indictment, the Plea Agreement and information provided by the government, the following is known regarding this offense:
>
>During a period beginning as early as the Summer of 2002, and continuing through March 9, 2006, David Mayberry and others did knowingly and intentionally conspire and agree to distribute a mixture containing cocaine. It was the object of the conspiracy that David Mayberry tow a 1987 Silver Mazda which contained a hidden compartment, to the Canton area. The defenant knew or should have known that inside the hidden compartment there was 52 kilograms of cocaine.
>
>Specifically, on March 9, 2006, David Mayberry drove the Silver Mazda to Red Roof Inn and picked up Oswaldo Sanchez. The two then drove the Mazda to a Wal-Mart on Route 62 where Mayberry exited the vehicle. Later that day, Oswaldo Sanchez returned to the area of Wal-Mart and picked up David Mayberry in the Silver Mazda and they drove to a Red Roof Inn where the two went to Sanchez' [sic] room. Later on March 9, 2006, David Mayberry drove the Silver Mazda back to a Quality Inn where he placed the vehicle on a towing rig which was attached to a Jeep SUV. On March 9, 2006, at approximately 5:52 p.m. David Mayberry was stopped by the Ohio State Highway Patrol driving a Jeep SUV which was towing the Silver Mazda in which $950,000.00 in cash was hidden in the secret compartment of the trunk. Mr. Mayberry acknowledged knowing about the hidden compartment and offered to open it. Initially Mr. Mayberry produced a drivers license in the name of Scott Roland; however, he provided his true identity shortly after being stopped.

The government has filed a sentencing memorandum (Docket No. 201) which provides more specific information about the conduct of the defendant and in which it is stated in part as follows:

(5:06 CR 162)

> ...Oswaldo Sanchez was the supplier during the last few years....
> Sanchez would contact the driver of the load car and the cocaine
> would be delivered.  In this case, the driver of the load car was
> David Mayberry.  When Mayberry was arrested, he was
> accompanied by a young women [sic] who told the officers she
> had come to this area to try to get a job dancing in a strip club.
> Mayberry first identified himself with a phony driver's license
> under the name of Scott J. Rolland.  Mayberry subsequently
> admitted his real identity and admitted to making at least 2 such
> trips.  He advised that he had been given the "load car" and told to
> put it in his name.  He said he would get a phone call and be given
> instructions where to go.  He would go there and leave the keys in
> the "load car" over night [sic].  He would retrieve the "load car"
> the next day and received more instructions as to where he should
> drive.  On this trip, Mayberry had put the load car on a tow rig and
> he and the female were towing the load car behind the female's
> SUV.  Once in Canton, Ohio, the load car was taken off the tow rig
> and Mayberry delivered it to Sanchez.
>
> ...Once in the garage at Baldwin, Sanchez removed the cocaine
> from the hidden compartment and filled the compartment with the
> cash.  Sanchez then left and turned the "load car" back to
> Mayberry.  Mayberry then drove the "load car", now filled with 19
> heat sealed plastic bags of cash totaling approximately $960,000,
> back to his motel and put it back on the tow rig.  Mayberry and his
> companion then got on the highway where they were eventually
> stopped by the highway patrol....

The defendant's acceptance of responsibility statement is limited to the following statement as set forth in paragraph 14 of the presentence report:

> *"I, David Mayberry, accept responsibility for my actions in case*
>
> *no. 5:06CR00162.  On the date outlined in the indictment and the*
>
> *plea agreement, I drove a 1978 Silver Mazda to Red Roof Inn to be*
>
> *picked up by Oswaldo Sanchez.  I knew what I did was wrong and*
>
> *I am sorry for my actions".*

(5:06 CR 162)

The defendant was born on September 24, 1959. Consequently, he is 47 years of age. His parents divorced when he was six and his mother remarried. The defendant's biological father died in 2005 from lung failure. The defendant reports a good relationship with his mother but states he does not interact with his stepfather.

The defendant married in 1979 and divorced his wife in 1992. Three children were born to the marriage and they are now age 24, 23 and 19. The defendant is a resident of Arizona.

The defendant reports that he is in good overall physical condition, but he indicates that he takes water pills for swelling in his legs and feet and has suffered in the past two broken wrists. The defendant has never been examined by a mental health professional and he denies any symptoms of depression or anxiety and denies ever being the victim of abuse.

The defendant reports experimenting with cocaine and marijuana during his high school years. Later, in 1989, he began using Crystal Methamphetamine which he reported using until two weeks prior to his arrest. The defendant believes that he would benefit from drug treatment.

The defendant dropped out of high school in the eleventh grade and expresses no desire to obtain a GED. The defendant has no military record and he states his history of employment as being the area of construction where he has been self-employed.

The defendant's criminal record is limited to a single conviction for possession of cocaine and for which he received probation for a period of 24 months.

**(2) The Need for the Sentence Imposed**

> **(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

4

(5:06 CR 162)

The defendant played a role in a vast cocaine conspiracy. From the offense conduct, it is apparent that he was trusted to move huge sums of cash for cocaine that apparently had been fronted to the member of the conspiracy located in Canton, Ohio. Couriers of both cash and cocaine are essential to massive cocaine conspiracies. It is apparent that the offense for which the defendant stands convicted is serious and the resulting sentence must be lengthy in order to promote respect for the law and to provide just punishment for the offense.

**(B) to afford adequate deterrence to criminal conduct;**

A lengthy sentence is necessary to discourage those persons who would served as couriers for both cash and cocaine in vast cocaine conspiracies.

**(C) to protect the public from further crimes of the defendant;**

The defendant has a minimal criminal record although he has reached the age of 47. A lengthy sentence of incarceration should served to encourage the defendant from avoiding further criminal conduct.

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

The defendant is in obvious need of more education, but it is unlikely that he will take advantage of an educational opportunity given his express believe that he needs no more education. The opportunity for the defendant to work in prison industries, if taken, should prepare him for gainful employment upon release from prison. The defendant obviously needs drug treatment while incarcerated.

**CONCLUSION**

(5:06 CR 162)

A sentence of 70 months, within the advisory guideline range, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.


| October 12, 2006 | */s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
|  | U.S. District Judge |